DeBeauviere v. Chicago School of P. E. & E., 194 Ill. App. 296.

No appearance for defendants in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 266a*—*when verdict effect of compromise.* A verdict in favor of a plaintiff for $270, *held* not objectionable as a compromise verdict, although the jury were justified, if the plaintiff's witnesses were believed, to render a larger verdict, and for not more than $180 if the defendant's witnesses were to be believed.

2. APPEAL AND ERROR, § 1258*—*when defeated party may allege inadequacy of verdict.* A defeated party cannot complain that a verdict was for a less amount than the evidence of the successful party warranted.

———————

### A. M. deBeauviere, Defendant in Error, v. Chicago School of Physical Education and Expression, Plaintiff in Error.

### Gen. No. 20,086.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed June 17, 1915.

### Statement of the Case.

Action brought by A. M. deBeauviere against the Chicago School of Physical Education and Expression for services claimed to have been rendered the defendant as a physical instructor. Judgment was rendered in favor of the plaintiff for $482.50, and the defendant sued out a writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The evidence showed that the plaintiff was regularly employed at defendant's school in giving fencing lessons a few hours a week, at the rate of $2.50 an hour; that he claimed that in the spring of 1909, the head of the school employed him at the same rate to give instructions in what he called "setting up exercises," consisting of "exercises of the muscles of the body; bending and stretching the arms and legs; bending, twisting, etc.," with the understanding, that as the school was then in debt, his pay should "lie dormant" until the end of the year 1910, by which time it was expected the defendant would be in a better financial condition as the result of the operation of a summer school at Saugatuck, Michigan.

The defendant did not deny that the plaintiff rendered services of the kind above stated, but claimed that when the plaintiff proposed to render such additional services, he was told that the school could not afford to pay for them, whereupon, being already an instructor in the school, he offered to teach the "setting-up exercises" without any additional compensation until the school was more firmly established, and that this offer was accepted. There was a sharp conflict in the evidence as to these respective claims. That in August, 1909, the plaintiff sent to the defendant a plan for giving such instructions in which he enumerated and enlarged upon the benefits that would follow its adoption, and the methods he would adopt if his suggestions were put in operation, that in the course of this letter, he said: "The first thing that will present itself to you, I know, is the question of remuneration. Well, don't worry about that. If your finances are flourishing, you can pay me, if you can't, I'll teach all the same. If you like you can pay me in postage stamps or in shares of your stock."

JOHN W. BURDETTE, for plaintiff in error.

LEWIS, FOLSOM & STREETER and ROBERT P. BURK-HALTER, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 68*—*when evidence of previous financial transactions inadmissible.* The admission in an action against a school for services as an instructor, of evidence as to a previous indorsement by the plaintiff of certain notes given by the head of the school in payment for its stock, *held* reversible error where the evidence was conflicting.

2. EVIDENCE, § 68*—*when evidence of previous financial transaction admissible.* Testimony that the plaintiff in an action against a school for services as an instructor loaned the head of the school $50, *held* prejudicial error where the evidence was conflicting.

3. APPEAL AND ERROR, § 1523*—*when erroneous instruction not prejudicial error.* While an instruction in an action against a school for services as an instructor, that the plaintiff could not recover a money judgment if there was an agreement to take something else in payment, was not a correct statement of the law, it was *held* not prejudicial to the defendant.

4. TRIAL, § 45*—*when remarks of trial court as to requested instruction prejudicial error.* Where, in an action against a school for services as an instructor, a letter in evidence, written by the plaintiff to the defendant, stated that the latter need not worry about the former's pay for proposed services, and that "if your finances are flourishing you can pay me, if you can't I'll teach all the same. If you like you can pay me in postage stamps or in shares of your stock," a remark of the trial judge in the presence of the jury, in reply to a request of the defendant to instruct as to the right to recover under such an offer, that there was "no use giving instructions on that. You can't make a claim on one line in a letter. * * * I won't base an instruction" thereon, *held* reversible error, since the letter tended to contradict the plaintiff's claim that there was a definite agreement as to compensation.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.